Herbert PATE et. al., Plaintiffs,

v.

DADE COUNTY SCHOOL BOARD, etc., et al., Defendants.

No. 69-1020-Civ-CA.

United States District Court
S. D. Florida,
Miami Division.

Aug. 29, 1969.

Larry Stewart, of Frates, Fay, Floyd & Pearson, Miami, Fla., for plaintiffs.

Bolles, Goodwin, Ryskamp & Ware, by George Bolles, and Samuel S. Forman, Miami, Fla., for Dade County School Bd.

ORDER APPROVING INTERIM DE-SEGREGATION PLAN FOR DADE COUNTY PUBLIC SCHOOLS

ATKINS, District Judge.

In 1956, following the landmark school integration cases of Brown v. Board

of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954) and 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (1955), a lawsuit was filed in the United States District Court in the Southern District of Florida. The case was styled Gibson v. Dade County School Board and sought to effect the integration of the Dade County schools. On March 17, 1960 United States District Judge Joseph P. Lieb entered an order providing for the implementation of a freedom of choice plan in the schools. This order also stated

"It is further ORDERED, ADJUDGED AND DECREED that the Court retains jurisdiction of this cause for such time as may be necessary to put the plan herein provided into operation and for determination as to whether further proceedings are necessary."

From the time of the entry of this order to the present this case has laid dormant. In the interim the integration of the Dade County School System has proceeded at a moderate rate. At the close of the 1968–69 school year there were 42 all negro schools in the system out of a total of 217 schools. On July 1, 1969 the Department of Health, Education & Welfare, charged by Congress in Title 42 U.S.C. § 2000a et seq. with administering federal funds to aid public education and to assist in the process of desegregating public schools, notified the Dade County School System that it was not in substantial compliance with Title VI of the 1964 Civil Rights Act which concerns desegregation. At the time of the notification HEW stated:

"It is expected that the Dade School System will develop and implement a plan which will eliminate the dual school structure in the system by no later than September 1970 and that those steps toward that end which are administratively feasible will be taken by September 1969."

In accordance with this direction the school board obtained the services of the Florida School Desegregation Consulting Center, a federally funded center at the University of Miami. The Center studied the Dade system for approximately 1 month and on July 23, 1969 submitted an Interim Desegregation Plan for the 1969–70 school year. The School Board approved this plan on July 25 with two changes. They rejected the recommendation that there be pairing of two groups of elementary schools in South Dade County and they eliminated the all black Mays Junior-Senior High School. The revised interim plan was approved by HEW on August 4 pending receipt of a final plan by February 1, 1970.

At this point the school system began making preparations to operate under the revised interim plan for the 1969–70 school year. Certain portions of the plan met with public opposition as did certain steps taken to implement the plan. This opposition culminated in the filing of several lawsuits in the Eleventh Judicial Circuit of the State of Florida. The various plaintiffs were the parents of school children in the Dade system and the defendants were uniformly the Dade County School Board. The first of these suits attacked the Board's action with regard to the elimination of the all black Mays school. It is styled Pate v. Dade County School Board. The Board's action was alleged to be arbitrary and capricious and also as taken in violation of Florida Statute 286.011, F.S.A., known as the "government in the sunshine law." This law requires that any official action taken by an agency of the State of Florida be taken in public proceedings and that a written record of such proceedings be made. The school board petitioned this Court for removal of the Pate case on August 25, 1969, alleging that the case was one of exclusive federal jurisdiction. At 8:30 a.m. on August 27, the court heard a motion to remand and under the doctrine of England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440 (1963) remitted the case to the State Court for determination of state law issues and retained

jurisdiction of the case for determination of any federal questions. At 9:00 p.m. on August 27, Circuit Judge David Popper entered a temporary injunction restraining the School Board from implementing its plan of July 25 as it related to Mays School. The basis of the injunction was Judge Popper's finding that the "government in the sunshine law" had been violated and that the action of the School Board in regard to Mays was void. The effect of this ruling was to require Mays to open as an all black school for the school year 1969–70.

 At 3:30 p.m. on August 27, the Court considered the request of the School Board that the Court exercise jurisdiction in the Pate case. Based on the effect of the State Court's ruling, which negated the immediate elimination of an all black school, this Court accepted jurisdiction. Other factors which dictated the exercise of jurisdiction were the issuance of another injunction negating a separate portion of the Board plan and the fact that eventually under the State Court ruling, all action taken by the Board on July 25, when the plan was approved, would be held void as being in violation of the sunshine law. The State Court injunctions, of course, ran only in favor of the particular plaintiffs before that court. The foreseeable result was that after sufficient plaintiffs came before the State Court the entire plan would be voided. The voiding of an interim plan providing for more integration is unquestionably a question for the Federal Courts. Finally, reiterating the last order in Gibson—this court retained jurisdiction over the Dade County School System for the purpose of supervising its desegregation.[1]

 The case of Pardo v. Dade County School Board has been removed from the State Court to this Court.

The case of Frank v. Dade County School Board has been filed in this court. Both of these cases concern attacks on aspects of the interim plan and it is ordered that they be consolidated with the Pate case in accordance with oral rulings made this morning. It is further ordered that petitions to intervene on the side of the plaintiffs filed by Webb, et al., Rosen, et al., Wolff, et al., Eagle, et al., and Reiter, et al., as parents of children attending Dade public schools are all granted. It is further ordered that petitions to intervene on the side of the defendants filed by the Dade County Classroom Teachers Association and Love, et al., are granted.

 At this point, after two days of testimony and argument, eighty-four hours before the seventh largest school system in the United States is due to open, this Court must approve a desegregation plan under which this system is to be operated for the 1969–70 school year. This plan must be formulated in accordance with the Constitutional standards delineated by the Supreme Court and the Fifth Circuit Court of Appeals. In devising such a plan the Court is confronted with a dilemma. It is clear from Green v. County School Board of New Kent County, Virginia, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968), the most recent United States of America v. Jefferson County Board of Education et al. (No. 27444, June 26, 1969, 5th Cir.) decision, and numerous other Fifth Circuit decisions that the time for desegregation is now, that delays are no longer tolerable. The case of Adams v. Mathews, 403 F.2d 181 (5th Cir. 1968) clearly states "[i]f in a school district there are still all-Negro schools * * * the existing plan fails to meet constitutional standards as established in Green." The only comprehensive plan before the Court is the previously discussed school board Interim Plan for the school year 1969–70.

---

1. By virtue of the order of the Acting Chief Judge of the Southern District of Florida, William O. Mehrtens, the case of Gibson v. Board of Public Instruc-
tion of Dade County, Florida is transferred to this division and consolidated with the case of Pate v. Dade County School Board presently in this division.

Regrettably, this plan contemplates the operation of 38 all-black schools. Regardless of HEW's approval the plan does not meet Constitutional standards. The Court gave careful consideration to the alternative plans but their implementation, if Constitutional, was not feasible and would impair the operation of the Interim Plan.

 At this eleventh hour a balance must be struck. To require immediate desegregation of all schools in Dade County would result in chaos. It is therefore the order of this Court that the Interim Plan for desegregation approved by the Dade County School Board at its July 25th meeting for the 1969–70 school year is, in all respects, adopted and approved by this Court. United States of America by Mitchell v. Board of Education of Baldwin County, Georgia et al. (No. 27281, 5th Cir., July 9, 1969). This plan now being the order of this court all persons are enjoined from attack upon or interference in any way with the operation of such except by appellate review. The School Board is directed to furnish to this Court within 30 days the results of a study delineating the administrative feasibility of total disestablishment of a dual school system at the elementary and junior high levels at the beginning of the second semester of the 1969–70 school year. Such study shall also include the following criteria:

(1) maximum utilization of school buildings;

(2) density of population; (3) proximity of pupils to schools; (4) natural boundaries; and (5) welfare of students.

Henry v. Clarksdale Municipal Separate School District et al., 409 F.2d 682, (5th Cir., March 6, 1969).

The Board is also directed to furnish by March 1, 1970 a plan to eliminate the dual school structure in grades 10–12 by no later than September 1, 1970. The Court approves the collaboration of the School Board with the Florida Desegregation Consulting Center and the United States Department of Health, Education and Welfare and directs that the continuing cooperation of these agencies be sought in complying with the court's order.

The Court retains jurisdiction of this cause for the entry of such further orders that may be necessary.