Herbert PATE et al., Plaintiffs,

v.

DADE COUNTY SCHOOL BOARD, etc., et al., Defendants.

Civ. A. No. 69–1020.

United States District Court
S. D. Florida,
Miami Division.

Dec. 10, 1969.

Larry Stewart, of Frates, Fay, Floyd & Pearson, Miami, Fla., for plaintiffs, Pate.

Bolles, Goodwin, Ryskamp & Ware, George Bolles, and Samuel S. Forman, Miami, Fla., for the School Board.

## SUPPLEMENT TO AND MODIFICATION OF ORDER ENTERED AUGUST 29, 1969

ATKINS, District Judge.

Since entry on August 29, 1969 of this Court's Order Approving the Interim Desegregation Plan for Dade County Public Schools, D.C., 303 F.Supp. 1068, two decisions have been rendered by superior courts which materially affect the prospective provisions of that Order.

The first of these is Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (October 29, 1969). That decision supervened all existing authority to the contrary. It sent the doctrine of deliberate speed to its final resting place. 24 L. Ed.2d at 21.

The other decision is Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211 (5th Cir., 1969) which strives to implement the command of the Alexander case. From this opinion this Court receives its instructions concerning the Dade County School System.

> The district Court shall enter its final order not later than February 1, 1970 requiring and setting out the details of a plan designed to accomplish a unitary system of pupil attendance with the start of the Fall 1970 school term. *Id.* at 11.

The court has concluded that two-step plans are to be implemented. One step must be accomplished not later than February 1, 1970 and it will include all steps necessary to conversion to a unitary system save the merger of student bodies into unitary systems. The student body merger will constitute the second step and must be accomplished not later than the beginning of the fall term 1970. *Id.* at 10.

Accordingly, the Dade County School Board is directed to take the following action, to the extent that such steps are applicable, not later than February 1, 1970:

### DESEGREGATION OF FACULTY AND OTHER STAFF

The School Board shall announce and implement the following policies:

1. Effective not later than February 1, 1970, the principals, teachers, teacher-aides and other staff who work directly with children at a school shall be so assigned that in no case will the racial composition of a staff indicate that a school is intended for Negro students or white students. For the remainder of the 1969–70 school year the district shall assign the staff described above so that the ratio of Negro to white teachers in each school, and the ratio of other staff in each, are substantially the same as each such ratio is to the teachers and other staff, respectively, in the entire school system.

The school district shall, to the extent necessary to carry out this desegregation plan, direct members of its staff as a condition of continued employment to accept new assignments.

2. Staff members who work directly with children, and professional staff who work on the administrative level will be hired, assigned, promoted, paid, demoted, dismissed, and otherwise treated without regard to race, color, or national origin.

3. If there is to be a reduction in the number of principals, teachers, teacher-aides, or other professional staff employed by the school district which will result in a dismissal or demotion of any such staff members, the staff member to be dismissed or demoted must be selected on the basis of objective and reasonable non-discriminatory standards from among all the staff of the school district. In addition if there is any such dismissal or demotion, no staff vacancy may be filled through recruitment of a person

of a race, color, or national origin different from that of the individual dismissed or demoted, until each displaced staff member who is qualified has had an opportunity to fill the vacancy and has failed to accept an offer to do so.

Prior to such a reduction, the school board will develop or require the development of non-racial objective criteria to be used in selecting the staff member who is to be dismissed or demoted. These criteria shall be available for public inspection and shall be retained by the school district. The school district also shall record and preserve the evaluation of staff members under the criteria. Such evaluation shall be made available upon request to the dismissed or demoted employee.

"Demotion" as used above includes any assignment (1) under which the staff member receives less pay or has less responsibility than under the assignment he held previously, (2) which requires a lesser degree of skill than did the assignment he held previously, or (3) under which the staff member is asked to teach a subject or grade other than one for which he is certified or for which he has had substantial experience within a reasonably current period. In general and depending upon the subject matter involved, five years is such a reasonable period.

## MAJORITY TO MINORITY TRANSFER POLICY

The school district shall permit a student attending a school in which his race is in the majority to choose to attend another school, where space is available, and where his race is in the minority.

## TRANSPORTATION

The transportation system, in those school districts having transportation systems, shall be completely re-examined regularly by the superintendent, his staff, and the school board. Bus routes and the assignment of students to buses will be designed to insure the transportation of all eligible pupils on a non-segregated and otherwise non-discriminatory basis.

## SCHOOL CONSTRUCTION AND SITE SELECTION

All school construction, school consolidation, and site selection (including the location of any temporary classrooms) in the system shall be done in a manner which will prevent the recurrence of the dual school structure once this desegregation plan is implemented.

## ATTENDANCE OUTSIDE SYSTEM OF RESIDENCE

If the school district grants transfers to students living in the district for their attendance at public schools outside the district, or if it permits transfers into the district of students who live outside the district, it shall do so on a non-discriminatory basis, except that it shall not consent to transfers where the cumulative effect will reduce desegregation in either district or reinforce the dual school system.

See United States v. Hinds County, supra, decided November 6, 1969. The orders there embrace these same requirements.

The Board shall file with this Court by January 13, 1970 a plan showing its intended compliance with the action contemplated in Singleton v. Jackson Municipal School District, supra. Objections, if any, to such plan and any alternate plans shall be filed by January 20. Hearing on these objections and alternate plans, if any, will be had at 9:00 a. m. Friday, January 23, 1970 in Courtroom 314. The Board likewise shall include the details of such action, as may be modified following the hearing on January 23, in the final plan for elimination of a dual school system to be filed with the Office of Education (HEW) and this Court by February 1, 1970.

To the extent that the prospective provisions of the Order entered August 29, 1969 are inconsistent with this Order, the former are modified.