Michael A. FRANK, etc., Plaintiff-
Appellant,

v.

**Holmes BRADDOCK et al., comprising the Dade County Board of Public Instruction of Dade County, Florida, Defendants-Appellees.**

**No. 28394.**

United States Court of Appeals
Fifth Circuit.

Dec. 12, 1969.

Charles Neustein, Miami Beach, Fla., for plaintiff-appellant.

George Bolles, Miami, Fla., for defendants-appellees.

Before THORNBERRY, CARSWELL and CLARK, Circuit Judges.

PER CURIAM.

■ This appeal in a school desegregation case must be reversed and remanded for further proceedings under recent decisions of the Supreme Court of the United States and of this Court.[1]

■ On August 29, 1969 the District Court entered an order approving an "Interim Plan" for desegregation approved by the Dade County School Board and ordered further studies for the development of a final unitary school system to be effective no later than September 1, 1970 in Cause No. 69–1020-Civ.-CA, styled Pate et al., v. Dade County School Board, etc. et al., 303 F.Supp. 1068. Appellant here attacks only a segment of the "Interim Plan" approved by the Court below; nevertheless it is apparent from the record before us that, without passing on the merits of the present limited appeal, the cause must be reversed and remanded for immediate compliance by the lower Court with changed decisional law.

Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19; United States v. Hinds County School Board, 417 F.2d 852, (5th Cir., 1969), and Singleton v. Jackson Municipal Separate School System (and consolidated cases en banc), 419 F.2d 1211, mandate that "effective immediately * * * school districts * * * may no longer operate a dual school system based on race or color," and that they must "begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color." As this Court said in Singleton, "the tenor of the decision in Alexander v. Holmes County, is to shift the burden from the standpoint of time for converting to unitary school systems. The shift is from a status of litigation to one of unitary operation pending litigation."

We reverse and remand this case with directions to the District Court to enter an order in conformity with all terms,

1. Under the stringent requirements of Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, which this Court has carried out in United States v. Hinds County School Board, 417 F.2d 852, (5th Cir., 1969), this Court has judicially determined that the ordinary procedures for appellate review in school segregation cases have to be suitably adapted to assure that each system, whose case is before us, "begin immediately to operate as unitary school systems". Upon consideration of the record, the Court has proceeded to dispose of this case as an extraordinary matter. Rule 2, FRAP.

**692**

provisions and conditions (including times) specified by this Court in *Singleton,* supra, parts I and III.

The mandate in this cause shall issue forthwith. No stay will be granted pending petition for rehearing or application for certiorari.

Reversed and remanded with directions.