# ALEXANDER et al. v. HOLMES COUNTY BOARD OF EDUCATION et al.

No. 632.   Argued October 23, 1969—Decided October 29, 1969

*Jack Greenberg* argued the cause for petitioners.   With him on the brief were *James M. Nabrit III, Norman C. Amaker, Melvyn Zarr,* and *Charles L. Black, Jr.*

*Assistant Attorney General Leonard* argued the cause for the United States.   With him on the memorandum was *Solicitor General Griswold.   A. F. Summer,* Attorney General of Mississippi, and *John C. Satterfield* argued the cause and filed a brief for respondents other than the United States.

*Louis F. Oberdorfer* argued the cause for the Lawyers' Committee for Civil Rights Under Law as *amicus curiae* urging reversal.   With him on the brief were *John W. Douglas, Bethuel M. Webster, Cyrus R. Vance, Asa Sokolow, John Schafer, John Doar, Richard C. Dinkelspiel, Arthur H. Dean, Lloyd N. Cutler, Bruce Bromley, Berl I. Bernhard, Timothy B. Dyk,* and *Michael R. Klein.*

*Richard B. Sobol* and *David Rubin* filed a brief for the National Education Association as *amicus curiae* urging reversal. The Tennessee Federation for Constitutional Government filed a brief as *amicus curiae*.

PER CURIAM.

This case comes to the Court on a petition for certiorari to the Court of Appeals for the Fifth Circuit. The petition was granted on October 9, 1969, and the case set down for early argument. The question presented is one of paramount importance, involving as it does the denial of fundamental rights to many thousands of school children, who are presently attending Mississippi schools under segregated conditions contrary to the applicable decisions of this Court. Against this background the Court of Appeals should have denied all motions for additional time because continued operation of segregated schools under a standard of allowing "all deliberate speed" for desegregation is no longer constitutionally permissible. Under explicit holdings of this Court the obligation of every school district is to terminate dual school systems at once and to operate now and hereafter only unitary schools. *Griffin* v. *School Board,* 377 U. S. 218, 234 (1964); *Green* v. *County School Board of New Kent County,* 391 U. S. 430, 438–439, 442 (1968). Accordingly,

*It is hereby adjudged, ordered, and decreed:*

1. The Court of Appeals' order of August 28, 1969, is vacated, and the case is remanded to that court to issue its decree and order, effective immediately, declaring that each of the school districts here involved may no longer operate a dual school system based on race or color, and directing that they begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color.

2. The Court of Appeals may in its discretion direct the schools here involved to accept all or any part of the August 11, 1969, recommendations of the Department of Health, Education, and Welfare, with any modifications which that court deems proper insofar as those recommendations insure a totally unitary school system for all eligible pupils without regard to race or color.

The Court of Appeals may make its determination and enter its order without further arguments or submissions.

3. While each of these school systems is being operated as a unitary system under the order of the Court of Appeals, the District Court may hear and consider objections thereto or proposed amendments thereof, provided, however, that the Court of Appeals' order shall be complied with in all respects while the District Court considers such objections or amendments, if any are made. No amendment shall become effective before being passed upon by the Court of Appeals.

4. The Court of Appeals shall retain jurisdiction to insure prompt and faithful compliance with its order, and may modify or amend the same as may be deemed necessary or desirable for the operation of a unitary school system.

5. The order of the Court of Appeals dated August 28, 1969, having been vacated and the case remanded for proceedings in conformity with this order, the judgment shall issue forthwith and the Court of Appeals is requested to give priority to the execution of this judgment as far as possible and necessary.