**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**EAST CARROLL PARISH SCHOOL
BOARD et al., Defendant-Appellee.**

**No. 28786.**

United States Court of Appeals
Fifth Circuit.

Dec. 9, 1969.

See also D.C., 303 F.Supp. 394.

Dosite H. Perkins, Jr., Asst. U. S. Atty., Donald E. Walter, U. S. Atty., Shreveport, La., Jesse Queen, Civil Rights Division, Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Jack P. F. Gremillion, Atty. Gen., State of Louisiana, Baton Rouge, La., Thompson L. Clarke, Dist. Atty., 6th Judicial Dist. Court, St. Joseph, La., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and CLARK, Circuit Judges.

PER CURIAM.

This appeal in a school desegregation case must be reversed and remanded for further proceedings under recent decisions of the Supreme Court of the United States and of this Court.[1]

---

3. Walling v. Jacksonville Paper Co., 317 U.S. 564, 570, 63 S.Ct. 332, 87 L.Ed. 460 (1943).

4. *Id.*, at 571, 63 S.Ct. at 337.

1. Under the stringent requirements of Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, which this Court has carried out in United States v. Hinds County

School Board, 5 Cir., 1969, 417 F.2d 852, this Court has judicially determined that the ordinary procedures for appellate review in school segregation cases have to be suitably adapted to assure that each system whose case is before us, "begin immediately to operate as unitary school systems". Upon consideration of the record the Court has proceeded to dispose of this case as an extraordinary matter. Rule 2, F.R.A.P.

On August 1, 1969, the District Court entered an order approving a plan of desegregation in response to this Court's prior reversal and remand. Hall, et al. v. St. Helena Parish School Board, et al., 5 Cir. 1969, 417 F.2d 801. The plan approved by the District Court provided for partial faculty and student desegregation in the 1969-70 school year, with completion of faculty desegregation by the commencement of the 1970-71 school year. It further provides that complete student desegregation could be postponed until the 1971-72 school year. A plan for desegregation of faculties and student bodies prepared by the Office of Education of the Department of Health, Education and Welfare, is now on file with the District Court.

Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19; United States v. Hinds County School Board, 5 Cir. 1969, 417 F.2d 852, and Singleton v. Jackson Municipal Separate School System (and consolidated cases en banc), 419 F.2d 1211 (December 1, 1969), mandate that "effective immediately * * * school districts * * * may no longer operate a dual school system based on race or color," and that they must "begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color." As this Court said in *Singleton*, "the tenor of the decision in Alexander v. Holmes County is to shift the burden from the standpoint of time for converting to unitary school systems. The shift is from a status of litigation to one of unitary operation pending litigation."

The mandate in this cause shall issue forthwith. No stay will be granted pending petition for rehearing or application for certiorari.

We vacate the District Court's order of August 1, 1969 and reverse and remand this case with directions to the District Court to enter an order in conformity with all terms, provisions and conditions (including times) specified by this Court in *Singleton*, supra, parts I and III.

Reversed and remanded with directions.