**656**

Welton J. CHARLES et al., Plaintiffs-Appellants-Cross Appellees,

United States of America, Plaintiff-Intervenor,

v.

ASCENSION PARISH SCHOOL BOARD et al., Defendants-Appellees-Cross Appellants.

No. 28573.

United States Court of Appeals, Fifth Circuit.

Dec. 11, 1969.

On Petition to Recall Mandate Jan. 7, 1970.

A. P. Tureaud, A. M. Trudeau, Jr., New Orleans, La., Jack Greenberg, Wm. Bennett Turner, Norman J. Chachkin, New York City, Patrick Hardin, U. S. Dept. of Justice, New Orleans, La., Jerris Leonard, Asst. Atty. Gen., Brian K. Landsberg, Atty., U. S. Dept. of Justice, Washington, D. C., for appellants.

John F. Ward, Jack P. F. Gremillion, Atty. Gen. of La., Baton Rouge, La., Leonard E. Yokum, Dist. Atty., Amite, La., Aubert D. Talbot, Dist. Atty., Napoleonville, La., for appellees.

Before THORNBERRY, CARSWELL and CLARK, Circuit Judges.

PER CURIAM:

This appeal in a school desegregation case must be reversed and remanded for further proceedings under recent decisions of the Supreme Court of the United States and of this Court.[1]

This cause was remanded to the District Court by the mandate in Hall et al. v. St. Helena Parish School Board et al., 5 Cir. 1969, 417 F.2d 801. On July 7, 1969 a desegregation plan for the Ascension Parish School District was filed by the Office of Education of the Department of Health, Education and Welfare. Private plaintiffs proposed amendments to this plan and the School Board submitted an amended plan under the following heading:

> "The Ascension Parish School Board submits the following plans toward the elimination of the Dual System in Ascension Parish Schools for the 1969–70 school session and to complete a Unitary System for the 1970–71 school session: "

On July 25, 1969 the District Court adopted the plan submitted by the Ascension Parish School Board, making the following finding:

> "This court finds, as a fact, that the Ascension Parish School Board has

---

1. Under the stringent requirements of Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, which this Court has carried out in United States v. Hinds County School Board, 5 Cir., 1969, 417 F.2d 852, this Court has judicially determined that the ordinary procedures for appellate review in school segregation cases have to be suitably adapted to assure that each system, whose case is before us, "begin immediately to operate as unitary school systems". Upon consideration of the record, the Court has proceeded to dispose of this case as an extraordinary matter. Rule 2, F.R.A.P.

acted in the utmost good faith and will, by the implementation of its proposed plan, substantially comply with the mandate of the Fifth Circuit Court of Appeals at the commencement of the 1969–1970 school year, and will fully comply with that mandate at the commencement of the 1970–71 school year."

Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19; United States v. Hinds County School Board, 5 Cir. 1969, 417 F.2d 852, and Singleton v. Jackson Municipal Separate School System (and consolidated cases en banc), 5 Cir. 1969, 419 F.2d 1211, mandate that "effective immediately * * * school districts * * * may no longer operate a dual school system based on race or color," and that they must "begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color." As this Court said in *Singleton*, "the tenor of the decision in Alexander v. Holmes County, is to shift the burden from the standpoint of time for converting to unitary school systems. The shift is from a status of litigation to one of unitary operation pending litigation." The plan proposed by the Parish School Board proposed some separation of pupils by sex in the future. We pretermit the question posed as to sex separation since it may not arise under such plan as may be approved for a unitary system. (See *Singleton*, supra, part II, No. 28342-Concordia Parish.)

Private plaintiffs have moved this Court to file a second supplemental record on this appeal. In view of the action we take here today, this motion is denied.

We vacate the District Court's order of July 25, 1969 and reverse and remand this case, with directions to the District Court to enter an order in conformity with all terms, provisions and conditions (including times) specified by this Court in *Singleton*, supra, parts I and III.

The mandate in this cause shall issue forthwith. No stay will be granted pending petition for rehearing or application for certiorari.

Reversed and remanded with directions.

## ON PETITION TO RECALL MANDATE

PER CURIAM:

By a Petition for Recall and Amendment of Mandate appellants seek a recall and amendment of our mandate of December 11, 1969, in the light of Carter, et al. v. West Feliciana Parish School Board, et al., 396 U.S. 226, 90 S.Ct. 467, 24 L.Ed.2d 382 (December 13, 1969).

Upon consideration, it is ordered:

(1) Our mandate in this case dated December 11, 1969, is recalled and amended as hereinafter set forth.

(2) On appellant's application for a temporary injunctive order requiring the respective appellee school boards to take such preliminary steps as may be necessary to prepare for complete student desegregation by February 1, 1970, the district court is directed to grant such interim injunctive relief.

(3) By way of further interim relief, pending further order of this Court, the appellee school boards are directed to take no steps which are inconsistent with, or which will tend to prejudice or delay, a schedule to implement on or before February 1, 1970, desegregation plans submitted by the Department of Health, Education and Welfare for student assignment simultaneous with the other steps ordered by us.