James **WILLIAMS, Jr., et al., Plaintiffs-Appellants-Cross Appellees,**

**United States of America,**
**Plaintiff-Intervenor,**

v.

**IBERVILLE PARISH SCHOOL BOARD**
et al., **Defendants-Appellees-Cross Appellants.**

**No. 28571.**

United States Court of Appeals
Fifth Circuit.

Dec. 12, 1969.

Petition for Recall and Amendment of
Mandate Jan. 7, 1970.

A. P. Tureaud, A. M. Trudeau, Jr., New Orleans, La., Jack Greenberg, Norman J. Chachkin, Wm. Bennett Turner, New York City, Patrick Hardin, U. S. Dept. of Justice, New Orleans, La., Jerris Leonard, Asst. Atty. Gen., Brian K. Landsberg, Atty., U. S. Dept. of Justice, Washington, D. C., for appellants.

Jack P. F. Gremillion, Atty. Gen. of La., Baton Rouge, La., Leonard E. Yokum, Dist. Atty., 21st Judicial Dist., Amite, La., Samuel C. Cashio, Dist. Atty., Plaquemine, La., John F. Ward, Jr., Baton Rouge, La., for appellees.

Before JOHN R. BROWN, Chief Judge, and MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This appeal in a school desegregation case must be reversed and remanded for further proceedings under recent decisions of the Supreme Court of the United States and of this Court.[1]

---

1. Under the stringent requirements of Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, which this Court has carried out in United States v. Hinds County School Board, 5 Cir., 1969, 417 F.2d 852 [Nos. 28030, 28042, Nov. 7, 1969], this Court has judicially determin-

162

This cause was remanded to the District Court by the mandate in Hall, et al. v. St. Helena Parish School Board, et al., 5 Cir. 1969, 417 F.2d 801. On July 7, 1969 a desegregation plan for the Iberville Parish School District was filed by the Office of Education of the Department of Health, Education and Welfare. Private plaintiffs proposed amendments to this plan and the School Board submitted an amended plan. On July 25, 1969 the District Court adopted the plan submitted by the Iberville Parish School Board, making the following finding:

"Under the plan proposed by the School Board, very substantial progress toward the complete unitization of the school system is made at the commencement of this next school year (1969–70), with a completely unitized system evolving at the commencement of the following school year (1970–71)."

Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19; United States v. Hinds County School Board, 5 Cir. 1969, 417 F.2d 852, and Singleton v. Jackson Municipal Separate School System (and consolidated cases en banc), 419 F.2d 1211 [December 1, 1969], mandate that "effective immediately * * * school districts * * * may no longer operate a dual school system based on race or color," and that they must "begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color." As this Court said in Singleton, "the tenor of the decision in Alexander v. Holmes County, is to shift the burden from the standpoint of time for converting to unitary school systems. The shift is from a status of litigation to one of unitary operation pending litigation." The plan proposed by the Parish School Board proposed some separation of pupils by sex in the

future. We pretermit the question posed as to sex separation since it may not arise under such plan as may be approved for a unitary system. (See Singleton supra, part II, No. 28342—Concordia Parish).

Private plaintiffs have moved this Court to file a second supplemental record on this appeal. In view of the action we take here today, this motion is denied.

■ We vacate the District Court's order of July 25, 1969 and reverse and remand this case, with directions to the District Court to enter an order in conformity with all terms, provisions and conditions (including times) specified by this Court in Singleton, supra, parts I and III.

The mandate in this cause shall issue forthwith. No stay will be granted pending petition for rehearing or application for certiorari.

Reversed and remanded with directions.

On Petition for Recall and Amendment of Mandate.

By a Petition for Recall and Amendment of Mandate appellants seek a recall and amendment of our mandate of December 12, 1969, in the light of Carter, et al. v. West Feliciana Parish School Board et al., 396 U.S. 226, 90 S.Ct. 467, 24 L.Ed.2d 382 (December 13, 1969).

Upon consideration, it is ordered:

(1) Our mandate in this case dated December 12, 1969, is recalled and amended as hereinafter set forth.

(2) On appellant's application for a temporary injunctive order requiring the respective appellee school boards to take such preliminary steps as may be necessary to prepare for complete student desegregation by February 1, 1970, the district court is directed to grant such interim injunctive relief.

ed that the ordinary procedures for appellate review in school segregation cases have to be suitably adapted to assure that each system, whose case is before us, "begin immediately to operate as unitary school systems". Upon consideration of the record, the Court has proceeded to dispose of this case as an extraordinary matter. Rule 2, FRAP.

(3) By way of further interim relief pending further order of this Court, the appellee school boards are directed to take no steps which are inconsistent with, or which will tend to prejudice or delay, a schedule to implement on or before February 1, 1970, desegregation plans submitted by the Department of Health, Education and Welfare for student assignment simultaneously with the other steps ordered by us.