Willie Elliot JENKINS, by his father and next friend, Monroe Jenkins; Gregory Vincent Hicks, Robert Lawrence Hicks and Valeria Sartin, Brenda Sartin, Diane Sartin, Steven Sartin and Bobby Joe Sartin, by their father and next friend, Joseph Sartin: On behalf of themselves and all others similarly situated, Plaintiffs-Appellees,

United States of America, Plaintiff-Intervenor,

v.

CITY OF BOGALUSA SCHOOL BOARD, a corporation and Alcous E. Stewart, President, and M. J. Israel, Superintendent, Defendants-Appellants.

No. 28061.

United States Court of Appeals
Fifth Circuit.

Dec. 12, 1969.

As Modified Dec. 29, 1969.

Welton O. Seal, Seale, Lee, Fendlason & Branch, Bogalusa, La., W. W. Erwin, Dist. Atty., 22nd Judicial Dist., Frank-

linton, La., William P. Schuler, Asst. Atty. Gen. of Louisiana, New Orleans, La., for defendants-appellants.

George M. Strickler, Jr., Richard B. Sobol, Robert P. Roberts, Lolis E. Elie, Collins, Douglas & Elie, New Orleans, La., Joseph Ray Terry, Jr., Pat Hardin, U. S. Dept. of Justice, New Orleans, La., Robert T. Moore, Atty., Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for plaintiffs-appellees.

Before JOHN R. BROWN, Chief Judge, and MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This appeal in a school desegregation case must be reversed and remanded for further proceedings under recent decisions of the Supreme Court of the United States and of this Court.[1]

On motion of the plaintiffs, joined in by the Government as Intervenor, the District Court held that despite progress made the freedom of choice plan resulting from a series of successively more stringent requirements was no longer constitutionally acceptable. The Court, although not ruling out the possibility that freedom of choice might still be an ingredient, ordered the filing of a new plan by the Board calling for immediate desegregation of every school for the 1969-70 school year. The record overwhelmingly demonstrates that freedom of choice as operating was not acceptable. The Board's appeal therefore must fail. But under the circumstances of this case neither this order nor any plan[2] heretofore filed or approved under it may stand in the face of supervening changes in the law. Thorpe v. Housing Authority of City of Durham, 1969, 393 U.S. 268, 80 S.Ct. 518, 21 L.Ed.2d 474; Bell v. State of Maryland, 1964, 378 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822.

Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19; United States v. Hinds County Board, 5 Cir. 1969, 417 F.2d 852, and Singleton v. Jackson Municipal Separate School System (and consolidated cases en banc), 5 Cir., 419 F.2d 1211 (Dec. 1, 1969), mandate that "effective immediately * * * school districts * * * may no longer operate a dual school system based on race or color," and that they must "begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color." As this Court said in Singleton, "the tenor of the decision in Alexander v. Holmes County is to shift the burden from the standpoint of time for converting to unitary school systems. The shift is from a status of litigation to one of unitary operation pending litigation."

The mandate in this cause shall issue forthwith. No stay will be granted pending petition for rehearing or application for certiorari.

We vacate the District Court's order of June 18, 1969 and reverse and remand this case with directions to the District Court to enter an order in conformity with all terms, provisions and conditions (including times) specified by this Court in *Singleton*, supra, parts I and III. Obviously, the District Court need modify its order only to the extent that the re-

---

1. Under the stringent requirements of Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, which this Court has carried out in United States v. Hinds County School Board, 5 Cir., 1969, 417 F.2d 852 this Court has judicially determined that the ordinary procedures for appellate review in school segregation cases have to be suitably adapted to assure that each system, whose case is before us, "begin immediately to operate as unitary school systems". F.R.A.P. Rule

1. Upon consideration of the record and so much of the briefs as are available or determined to be needed by the Court, the Court has proceeded to dispose of this case as an extraordinary matter.

2. The order of June 18, 1969 required the filing of a plan by June 25, 1969 with hearing thereon scheduled for July 3, 1969. This appeal was taken on June 25 and the plan, if any, adopted by the Court is not in this record.

quirements of Singleton are not met by the plan imposed and subsequently adopted pursuant to its order of June 18, 1969 (see note 2, supra).

Reversed and remanded with directions.

PER CURIAM: The decision of this panel of December 12, 1969 is modified by substituting the following for the last paragraph, the new portions being here italicized:

"We vacate the District Court's order of June 18, 1969 and reverse and remand this case with directions to the District Court to enter an order in conformity with all terms, provisions and conditions (including times) specified by this Court in *Singleton,* supra, parts I and III. *Obviously, the District Court need modify its order only to the extent that the requirements of Singleton are not met by the plan imposed and subsequently adopted pursuant to its order of June 18, 1969 (see note 2, supra)."*

