**Virgie Lee VALLEY et al., Plaintiffs-Appellants,**

**United States of America, Plaintiff-Intervenor-Appellant,**

**v.**

**RAPIDES PARISH SCHOOL BOARD et al., Defendants-Appellees.**

**No. 28674.**

United States Court of Appeals, Fifth Circuit.

Jan. 7, 1970.

Jack Greenberg, New York City, William Bennett Turner, A. P. Tureaud, New Orleans, La., Louis Berry, Alexandria, La., for plaintiffs-appellants.

Donald E. Walter, U. S. Atty., Shreveport, La., Jerris Leonard, Asst. Atty. Gen., Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for intervenor-appellant.

Edwin O. Ware. Dist. Atty., Alexandria, La., Jack P. F. Gremillion, Atty. Gen., of Louisiana, Baton Rouge, La., Gus Voltz, Jr., Asst. Dist. Atty., Alexandria, La., for appellees.

Before JOHN R. BROWN, Chief Judge, and MORGAN and CLARK, Circuit Judges.

PER CURIAM:

■ Under the stringent requirements of Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, which this Court has carried out in United States v. Hinds County School Board, 5 Cir., 1969, 417 F.2d 852, this Court has judicially determined that the ordinary procedures for appellate review in school segregation cases have to be suitably adapted to assure that each system, whose case is before us, "begin immediately to operate as unitary school systems". Upon consideration of the record, the Court has proceeded to dispose of this case as an extraordinary matter. F.R.A.P. 2.

The present appeal is taken by the private plaintiffs and also by the Government as intervenor from the District Court's order of July 24, 1969. Nearly five years have elapsed since the original complaint was filed in this case. However, we deem it superfluous to chronicle the chronology of this school segregation case except to state that the plan approved by the District Court on July 24, 1969, does not effectually dismantle the dual school system for Rapides Parish School System.

Notwithstanding the decision of the Supreme Court in Green v. County School Board of New Kent County, 1968, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716, the District Court's order would approve a plan which does not establish a racially unitary school system.

Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19; United States v. Hinds County School Board, 5 Cir., 1969, 417 F.2d 852; and Singleton v. Jackson Municipal Separate School District et al., (and consolidated cases en banc), 5 Cir., 419 F.2d 1211 [Dec. 1, 1969], mandate that "effective immediately * * * school districts * * * may no longer operate a dual school system based on race or color", and that they must "begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color".

■ The order of the district court approving the Board's plan is reversed and remanded with directions to the district court to comply with the requirements of Alexander v. Holmes County Board of Education.

The district court is further directed to comply with all terms, provisions, and conditions in *Singleton*, Parts I and III, except for the following: (1) A new plan shall be filed with the district court not later than January 15, 1970, (2) the school board is to be directed to take such preliminary steps as may be necessary to prepare for complete student desegregation by February 1, 1970, in accordance with the order of the Supreme Court in Carter v. West Feliciana Parish School Board, 1969, 396 U.S. 226, 90 S.Ct. 467, 24 L.Ed.2d 382.

The mandate in this cause shall issue forthwith. No stay will be granted pending petition for rehearing, or application for certiorari.

Reversed and remanded with directions.