421 F.2d 136
 Caroline HARVEST et al., Plaintiffs-Appellees-Cross-Appellants,
v.
BOARD OF PUBLIC INSTRUCTION, MANATEE COUNTY, FLORIDA, a
public body corporate, et al.,
Defendants-Appellants-Cross-Appellees.
 No. 28380.
 United States Court of Appeals Fifth Circuit.
 Dec. 12, 1969, On Motion to Recall Mandate Jan. 7, 1970.
 
 Earl M. Johnson, Jacksonville, Fla., William L. Robinson, Jack Greenberg, James M. Nabrit, III, Drew S. Days, III, Norman J. Chachkin, New York City, for appellants.
 Kenneth W. Cleary, David K. Deitrich, Dye, Dye, Smith, Cleary & Scott, Bradenton, Fla., for appellees.
 Before JOHN R. BROWN, Chief Judge, and MORGAN and CLARK, Circuit judges.
 PER CURIAM:
 
 
 1
 Under the stringent requirements of Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, which this Court has carried out in United States v. Hinds County School Board, 5 Cir., 1969, 417 F.2d 852 (Nov. 7, 1969) this Court has judically determined that the ordinary procedures for appellate review in school segregation cases have to be suitably adapted to assure that each system, whose case is before us, 'begin immediately to operate as unitary school systems'. Upon consideration of the record and so much of the briefs as are available or determined to be needed by the Court, the Court has proceeded to dispose of this case as an extraordinary matter. F.R.A.P. 2.[1]
 
 
 2
 The present appeal is taken by the Board of Public Instruction, Manatee County, Florida, from the District Court's order of June 27, 1969, finding that the Board's plan as submitted was inadequate, and the decree of the Court that an amended plan be submitted with revised zones pertaining to the school district's thirty schools.
 
 
 3
 A cross-appeal was filed by the appelles (private plaintiffs below), such cross-appeal alleging that the District Court's order did not effectually dismantle the dual school system for Manatee County.
 
 
 4
 Notwithstanding the decision of the Supreme Court in Green v. County School Board of New Kent County, 1968, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716, the District Court's order would approve a plan proposed by the School Board and amended by the Court which does not establish a racially unitary school system.
 
 
 5
 Alexander v. Holmes County Board of Education, 1969, 396 U.S. 29, 90 S.Ct. 29, 24 L.Ed.2d 19; United States v. Hinds County School Board, 5 Cir., 1969, 417 F.2d 852 (Nov. 7, 1969); and Singleton v. Jackson Municipal Separate School District, et al. (and consolidated cases en banc), 419 F.2d 1217 (Dec. 1, 1969), mandate that 'effective immediately * * * school districts * * * may no longer operate a dual school system based on race or color', and that they must 'begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color'.
 
 
 6
 The order of the District Court is reversed and remanded on appellees' cross-appeal for compliance with the requirements of Alexander v. Holmes County Board of Education, and the terms, provisions and conditions (including the time specified, Parts I and III) in Singleton, supra.
 
 
 7
 The mandate in this cause shall issue forthwith. No stay will be granted pending petition for rehearing or application for certiorari.
 
 
 8
 Reversed and remanded.
 
 On Motion to Recall Mandate
 PER CURIAM:
 
 9
 The motion of Caroline Harvest, et al., appellees, to recall the mandate is granted. The opinion and order of the court dated December 12, 1969, is amended by adding the following requirement:
 
 
 10
 The district court is directed to comply with all terms, provisions, and conditions in Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211, December 1, 1969, Parts I and III (including the times specified), except for the following: (1) A new plan for student desegregation shall be filed with the district court not later than January 15, 1970, (2) the school board is to be directed to take such preliminary steps as may be necessary to prepare for complete student desegregation by February 1, 1970, in accordance with the order of the Supreme Court in Carter v. West Feliciana Parish School Board, 1969, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477, in the event student desegregation by February 1, 1970, is required by the Supreme Court.
 
 
 11
 The mandate in this cause, as amended, shall issue forthwith.
 
 
 
 [1]
 The record, the brief of the appellant, and the brief of the appellee have been filed with this Court