**Clifford N. STEELE et al., Plaintiffs-Appellants,**

v.

**The BOARD OF PUBLIC INSTRUCTION OF LEON COUNTY, FLORIDA, et al., Defendants-Appellees.**

No. 28143

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1969.

On Petition for Recall Jan. 8, 1970.

Jack Greenberg, James M. Nabrit, III, William L. Robinson, Norman J. Chachkin, New York City, Earl M. Johnson, Reese Marshall, Jacksonville, Fla., for plaintiffs-appellants.

C. Graham Carothers of Ausley, Ausley, McMullen, McGehee & Carothers, Tallahassee, Fla., for defendants-appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM.

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F. 2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

This is an appeal from an order of the district court for the Northern District of Florida which approved a plan of desegregation for the public schools of Leon County, Florida. The present appeal is the latest of numerous court actions brought by Negro residents of the county and appellants herein seeking to abolish the dual system of school administration where there exist racially identifiable schools.

■ Notwithstanding the decision of the Supreme Court in Green v. County School Board of New Kent County, 1968, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716, the district court approved a freedom of choice plan proposed by the school board which does not establish a racially unitary school system.

Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19; United States v.

Hinds County School Board, 5 Cir. 1969, 417 F.2d 852, and Singleton v. Jackson Municipal Separate School System (and consolidated cases en banc), 419 F.2d 1211, 1216 [No. 26,285, Dec. 1, 1969], mandate that "effective immediately * * * school districts * * * may no longer operate a dual school system based on race or color," and that they must "begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color."

We reverse and remand this case for compliance with the requirements of Alexander v. Holmes County, and the terms, provisions and conditions (including the times specified) in *Singleton*, supra. Let our mandate issue immediately.

Reversed and remanded with directions.

## ON PETITION FOR RECALL AND AMENDMENT OF MANDATE

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM.

The appellants' petition for recall and amendment of our mandate of December 12, 1969, insofar as it authorized delay of pupil desegregation until September 1, 1970, is granted. In the light of Carter et al. v. West Feliciana Parish School Board et al., 396 U.S. 226, 90 S. Ct. 467, 24 L.Ed.2d 382 (December 13, 1969), which we find to be in all respects material hereto identical with this case, our opinion and order of December 12, 1969, is amended by adding the following requirement:

The district court is directed to comply with all terms, provisions, and conditions in Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211, No. 26,285, December 1, 1969, Parts I and III (including the times specified), except for the following: (1) A new plan for student desegregation shall be filed with the district court not later than January 15, 1970, (2) the school

board is to be directed to take such preliminary steps as may be necessary to prepare for complete student desegregation by February 1, 1970, in accordance with the order of the Supreme Court in Carter v. West Feliciana Parish School Board, supra, in the event student desegregation by February 1, 1970 is required by the Supreme Court.

The mandate in this cause, as amended, shall issue forthwith.