George Robert **BOYKINS** et al., Appellants,

v.

**FAIRFIELD BOARD OF EDUCATION** et al., Appellees.

No. 28637.

United States Court of Appeals, Fifth Circuit.

Jan. 9, 1970.

Demetrius C. Newton, Birmingham, Ala., Norman C. Amaker, Jack Greenberg, Norman J. Chackin, New York City, for appellants.

Maurice Bishop, Birmingham, Ala., for appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

■ This school desegregation case was first instituted on July 21, 1965. April 17, 1967, the district court entered a decree patterned after this Court's mandate in United States v. Jefferson County Board of Education, 372 F.2d 836, aff'd with modifications on rehearing en banc, 380 F.2d 385, cert. denied sub nom, Caddo Parish School Board v. United States, 1967, 389 U.S. 840, 88 S.Ct. 67, 19 L.Ed.2d 103. Following the decision of the Supreme Court in Green v. County School Board of New Kent County, 1968, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716, both the United States and the private plaintiffs filed Motions for Further Relief in light of *Green.* July 25, 1969, the district court ordered the Fairfield Board of Education to prepare plans to disestablish the dual school system that was presently being maintained in the City of Fairfield. The Board submitted a plan on August 26, 1969. A hearing on the proposed plan was held on September 2, 1969. The plan proposed an indefinite retention of freedom-of-choice in junior and senior high schools and the zoning of the four elementary schools. September 4, 1969, the district court approved the plan. This matter is now before this Court on an appeal that questions the district court's approval of the Board's plan.[1]

In the circumstances of this case, neither the district court's order approving the Board's plan nor the plan itself nor any plan heretofore filed or approved may stand in the face of supervening changes in the law. Thorpe v. Housing Authority of the City of Durham, 1969, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474; Bell v. Maryland, 1964, 378 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822.

Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19; United States v. Hinds County Board, 5 Cir. 1969, 417 F.2d 852, and Singleton v. Jackson Municipal Separate School System (and consolidated cases en banc), 419 F.2d 1211 (Dec. 1, 1969), mandate that "effective immediately * * * school districts * * * may no longer operate a dual school system based on race or color", and that they must "begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color." As this Court said in *Singleton,* "the tenor of the decision in Alexander v. Holmes County is to shift the burden from the standpoint of time for converting to unitary school systems. The shift is from a status of litigation to one of unitary operation pending litigation".

The record clearly demonstrates that (1) freedom-of-choice, as operating, is not acceptable and (2) the zones are drawn in a manner that reduce and *do not* increase desegregation.

■ The decision of the district court approving the Board's plan is reversed

---

1. Under the stringent requirements of Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, which this Court has carried out in United States v. Hinds County School Board, 5 Cir. 1969, 417 F.2d 852, this Court has judicially determined that the ordinary procedures for appellate review in school segregation cases have to be suitably adapted to assure that each system, whose case is before us, "begin immediately to operate as unitary school systems". F.R.A.P. Rule 2. Upon consideration of the record and so much of the briefs as are available or determined to be needed by the Court, the Court has proceeded to dispose of this case as an extraordinary matter.

and remanded with directions to the district court to comply with the requirements of Alexander v. Holmes County.

The district court is further directed to comply with all terms, provisions, and conditions in Singleton, Parts I and III, except for the following: (1) A new plan shall be filed with the district court not later than January 15, 1970; (2) The school board is to be directed to take such preliminary steps as may be necessary to prepare for complete student desegregation by February 1, 1970, in accordance with the order of the Supreme Court in Carter v. West Feliciana Parish School Board, 1969, 396 U.S. 1027, 90 S.Ct. 608, 24 L.Ed.2d 523.

The mandate in this cause shall issue forthwith. No stay will be granted pending petition for rehearing, or application for certiorari.

Reversed and remanded with directions.