Carolyn **BAIRD** et al., Plaintiffs-Appellees,

United States of America, Plaintiff-Intervenor-Appellee,

v.

**BENTON COUNTY BOARD OF EDUCATION** et al., Defendants-Appellants.

No. 28480.

United States Court of Appeals
Fifth Circuit.
Jan. 19, 1970.

John B. Farese, Ashland, Miss., for defendants-appellants.

Reuben V. Anderson, Melvyn R. Leventhal, Fred Banks, Jr., Jackson, Miss., Jack Greenberg, New York City, for Carolyn Baird.

H. M. Ray, U. S. Atty., Jerris Leonard, Asst. Atty. Gen., David L. Norman, Deputy Asst. Atty. Gen., David D. Gregory, David L. Rose, Stuart F. Pierson, Attys., U. S. Dept. of Justice, Civil Rights Division, Washington, D. C., for the United States.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal involves the desegregation of the public schools of Benton County, Mississippi.

On May 26, 1969, the District Court entered its order imposing a desegregation plan upon the Benton County Board of Education. On September 12, 1969, the plaintiff-appellees filed a motion in this Court for summary affirmance, or in the alternative, to proceed on the original record and to expedite the appeal.

Subsequently, the Supreme Court decided Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19. Thereafter this Court decided United States v. Hinds County School Board, 5 Cir., 1969, 417 F.2d 852, [November 7, 1969], and Singleton v. Jackson Municipal Separate School District (and consolidated cases en banc), 419 F.2d 1211, [December 1, 1969].

■ This Court, and the District Court, are bound to consider any change, either in fact or in law, which has supervened since the original judgment was entered. Bell v. State of Maryland, 378 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822 (1964).

■ We, therefore, deny all motions filed on this appeal, vacate the judgment of the District Court rendered May 26, 1969, and remand the case for further proceedings in conformity with *Singleton, supra.*

In particular, the District Court shall order the School Board to take such preliminary steps as may be necessary to prepare for complete student desegregation by February 1, 1970, in accordance with the order of the Supreme Court in Carter v. West Feliciana Parish School Board, 1969, 396 U.S. 226, 90 S.Ct. 467, 24 L.Ed.2d 382, in the event the Supreme Court requires student desegregation by February 1, 1970.

The mandate in this cause shall issue forthwith. No stay will be granted pending petition for rehearing, or application for certiorari.

Vacated and remanded with directions.