Robert L. DOWELL, etc., et al.,
Appellants,

v.

BOARD OF EDUCATION OF the OKLAHOMA CITY PUBLIC SCHOOLS, et al., Appellees,

Rebecca Diane Baker, etc., et al.,
Intervening Plaintiffs.

No. 234–70.

United States Court of Appeals,
Tenth Circuit.

July 29, 1970.

See also 10 Cir., 375 F.2d 158.

John W. Walker, Little Rock, Ark. (Walker, Rotenberry, Kaplan, Lavey & Hollingsworth, Little Rock, Ark., Archibald Hill, Jr., Oklahoma City, Okl., Jack Greenberg and James M. Nabrit, III, New York City, with him on the brief), for appellants.

J. Harry Johnson, Oklahoma City, Okl., for appellees.

Joe Cannon, Oklahoma City, Okl. (J. Howard Edmondson, Oklahoma City, Okl., with him on the brief), for intervening plaintiffs.

Before BREITENSTEIN, HILL, and SETH, Circuit Judges.

PER CURIAM.

The trial court approved an additional interim plan for the further desegregation of the Oklahoma City schools. This one relates to the schools other than the junior and the senior high schools. This intermediate plan was to become effective immediately, and no serious opposition to it was advanced.

The trial court also ordered the next two steps to be taken by the filing on October 31, 1970, of a further development or permanent plan for the same schools, with the final form thereof to be filed on March 31, 1971, the final form to be applicable to the 1971–1972 school year.

The only issue on this appeal concerns the dates fixed by the trial court for the further development of the plans as above indicated.

We have considered the testimony given at the hearing held by the trial court, and when it is considered against Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, and United States v. Montgomery County Board of Education, 395 U.S. 225, 89 S.Ct. 1670, 23 L.Ed.2d 263, we find the trial court's action generally to be within its discretion. However, some additional time must be provided between the date for the final form and the beginning of the next following school year. This is principally for the reason that in prior cases, delays in the litigation of the plans in this court have resulted from a fragmentation of the issues by the parties. In view of the possible repetition of this problem and to also provide for other possible delays, we must modify the trial court's order to provide for submission to it of the final form before December 1, 1970, rather than March 31, 1971. The trial judge may fix the time for submission of the plan in preliminary form at any time prior to December 1, 1970, which in his opinion will allow for its orderly consideration. Otherwise the order of the trial court is hereby affirmed.