**Ronald BRADLEY et al., Plaintiffs-Appellants,**

**v.**

**William G. MILLIKEN et al., Defendants-Appellees,**

**and**

**Detroit Federation of Teachers, Local 231, American Federation of Teachers, AFL–CIO, Defendant-Intervenor.**

**No. 21036.**

United States Court of Appeals, Sixth Circuit.

Feb. 22, 1971.

---

2. Petitioner Arbie shall be entitled to 75 per cent of its taxable costs pursuant to Fed.R.App. P. Rule 39(a).

Louis R. Lucas, Memphis, Tenn., for plaintiffs-appellants; William E. Caldwell, Ratner, Sugarmon & Lucas, Memphis, Tenn., E. Winther McCroom, Cincinnati, Ohio, Nathaniel Jones, Gen. Counsel, N.A.A.C.P., Jack Greenberg, James M. Nabrit, III, Norman J. Chachkin, New York City, Bruce Miller, Lucille Watts, Legal Redress Committee, N.A.A.C.P., Detroit Branch, Detroit, Mich., on brief; J. Harold Flannery, Paul Dimond, Center for Law and Education, Cambridge, Mass., of counsel.

George E. Bushnell, Jr., Carl H. Von Ende, Detroit, Mich., Eugene Krasicky, Lansing, Mich., for defendants-appellees; Miller, Canfield, Paddock & Stone, Detroit, Mich., Frank J. Kelley, Atty. Gen., Eugene Krasicky, Asst. Atty. Gen., Robert A. Derengoski, Sol. Gen., Lansing, Mich., on brief.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PER CURIAM.

This is the second appeal to this court in a case in which there has been no hearing on the merits.

Plaintiffs-appellants have alleged that the school system of the City of Detroit is being operated in an unconstitutional manner by failing to conform to the standards enunciated in Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, and other decisions of the Supreme Court on the issue of desegregation of the public schools. As a consequence, it is asserted that remedial orders by the District Court are necessary to correct the situation. On the present appeal relief is sought in this court in the form of a motion for summary reversal or in the alternative for injunction pending appeal.

In our decision on the previous appeal, Bradley v. Milliken, 433 F.2d 897 (6th Cir.), this court affirmed the order of the District Court refusing to grant a preliminary injunction and remanded the case for a hearing on its merits.

The issue in this case is not what might be a desirable Detroit school plan, but whether or not there are constitutional violations in the school system as presently operated, and, if so, what relief is necessary to avoid further impairment of constitutional rights. There must be a trial on the merits as to the alleged constitutional violations as a predicate to relief in the federal courts. On the present appeal a second effort is made to persuade this court to grant summary relief. The trouble with this procedure is that there has never been an evidentiary hearing on the

charges set forth in the complaint nor any findings of fact with respect to these charges.

At the time of the hearing of the previous appeal, representations were made to this court that an early trial on the merits would be conducted in the District Court. The opinion recited that the District Judge not only conducted an expeditious hearing on the application for a preliminary injunction but had advanced the case on his docket to early in November 1970, and alloted two weeks for the trial. This court further said: "We conclude that the issues presented in this case, involving the school system of a large city, can best be determined only after a full evidentiary hearing." 433 F.2d at 905.

In an effort to facilitate the hearing in the District Court of the case on its merits, this court expedited the rendering of its decision on the former appeal, releasing its opinion October 13, 1970, two weeks after oral argument.

Against this background, we do not consider the actions of the parties or the District Judge to have been in accord with the directive of this court.

Instead of proceeding with the trial on its merits as scheduled, plaintiffs-appellants filed in the District Court a motion for the immediate implementation of the "April 7 Plan." The District Court thereupon postponed the hearing on the merits to December 8, 1970, and conducted a hearing on the motion. On November 6, 1970, the District Court entered an order directing that the Detroit Board of Education submit a high school attendance area plan "consisting of that portion of the action taken by the Defendant Detroit Board of Education on April 7, 1970, going to the changing of attendance areas of certain named high schools in the City of Detroit, or an updated version thereof which achieves no less pupil integration."

Instead of submitting one plan as directed by the District Court, the Board of Education on November 16, 1970, submitted to the court three alternative plans assigning first priority to the "McDonald Plan" or "Magnet School Plan," second priority to the "Magnet Curriculum Plan" and third priority to the "April 7 Plan."

On December 3, 1970, the District Court entered an order directing that the Board implement the "McDonald Plan" at the beginning of the next full school year in September 1971 and continued the trial, theretofore scheduled to commence on December 8, 1970, "to a date to be fixed by the Court after a review of its calendar and its readjustment." Plaintiffs-appellants filed a notice of appeal from that order.

> In our former opinion this court said: "[W]e express no opinion at the present stage of the case as to the merits of the plan adopted by the School Board on April 7, 1970, or as to whether it was the constitutional obligation of the School Board to adopt all or any part of that plan." 433 F.2d at 904.

Likewise in the present opinion this court expresses no views as to the "McDonald Plan," [1] the "April 7 Plan" or any other plan proposed by any of the parties to this litigation, or as to the constitutional obligation of the School Board to adopt any of these plans.

■ Since there has been no trial to determine whether the school system of Detroit is now operated under an unconstitutional plan, nor any finding to that effect, the motion for summary reversal is overruled. The case is remanded to the District Court with instructions that the case be set forthwith and heard on its merits and that appropriate findings of fact and conclusions of law be made

---

1. *But see,* Green v. County School Board, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed. 2d 716; Raney v. Board of Education, 391 U.S. 443, 88 S.Ct. 1697, 20 L.Ed. 2d 727; Monroe v. Board of Commissioners, 391 U.S. 450, 88 S.Ct. 1700, 20 L.Ed.2d 733.

in accordance with Rule 52(a), Fed.R. Civ.P.

No costs are assessed. Each party will bear his own costs on this appeal.

Remanded.