Rudolph W. ADAMS et al., Appellants,

v.

SCHOOL DISTRICT NUMBER 5, ORANGEBURG COUNTY, SOUTH CAROLINA, a public body corporate, et al., Appellees.

Cynthia D. GREEN et al., Appellants,

v.

SCHOOL BOARD OF the CITY OF RO-ANOKE, a body corporate, Roanoke, Virginia, et al., Appellees.

Cynthia D. GREEN et al., Appellees,

v.

The SCHOOL BOARD OF the CITY OF ROANOKE, VIRGINIA, et al., Appellants.

Carlotta Mozelle BREWER et al., Appellants,

v.

The SCHOOL BOARD OF the CITY OF NORFOLK et al., Appellees.

David E. ALLGOOD, infant, etc., et al., Appellants,

v.

Carlotta Mozelle BREWER et al., Appellees.

The SCHOOL BOARD OF the CITY OF NORFOLK et al., Appellants,

v.

Carlotta Mozelle BREWER et al., Appellees.

Catherine SCOTT et al., Appellants,

v.

The WINSTON–SALEM/FORSYTH COUNTY BOARD OF EDUCA-TION et al., Appellees.

Catherine SCOTT et al., Appellees,

v.

WINSTON–SALEM/FORSYTH COUNTY BOARD OF EDUCATION et al., Appellants.

Catherine SCOTT et al., Appellees,

v.

BOARD OF COUNTY COMMISSIONERS OF FORSYTH COUNTY, Appellant.

Catherine SCOTT et al., Appellees,

v.

NORTH CAROLINA STATE BOARD OF EDUCATION and A. Craig Phillips, State Superintendent of Public Instruction, Appellants.

Nos. 14694, 15030, 15110, 15044–15046, 15185–15188.

United States Court of Appeals, Fourth Circuit.

Argued June 7, 1971.

Decided June 10, 1971.

Albert V. Bryan, Circuit Judge, concurred specially and filed opinion.

Matthew J. Perry, Columbia, S. C. (Lincoln C. Jenkins, Jr., Columbia, S. C., Zack E. Townsend, Orangeburg, S. C., Jack Greenberg and Michael Davidson, New York City, on the brief), for Rudolph W. Adams and others.

D. W. Robinson, Columbia, S. C. (C. Walker Limehouse, Orangeburg, S. C., on the brief), for School Dist. No. 5, Orangeburg County.

Kermit S. King, Columbia, S. C., on the brief for amicus curiae, H.O.P.E.

S. W. Tucker, Richmond, Va. (Henry L. Marsh, III, Hill, Tucker & Marsh, Richmond, Va., George W. Harris, Jr., Jack Greenberg, James M. Nabrit, III, and Norman Chachkin, New York City, on the brief), for Cynthia D. Green and others.

James N. Kincanon, City Atty. and H. Ben Jones, Jr., Asst. City Atty., for School Board of the City of Roanoke.

Henry L. Marsh, III, Richmond, Va. (S. W. Tucker, Hill, Tucker & Marsh, Richmond, Va., Victor J. Ashe, Norfolk, Va., Louis R. Lucas, Memphis, Tenn., Jack Greenberg, James M. Nabrit, III, and Norman Chachkin, New York City, on the brief) for Carlotta Mozelle Brewer and others.

Toy D. Savage, Jr., Norfolk, Va. (Leonard H. Davis, City Atty., Allan G. Donn, Willcox, Savage, Lawrence, Dickson & Spindle, Norfolk, Va., on the brief), for School Board of City of Norfolk and others.

M. T. Bohannon, Jr., Norfolk, Va., for David E. Allgood and others.

David L. Norman, Atty., Dept. of Justice (Jerris Leonard, Asst. Atty. Gen., Brian K. Landsberg and Walter W. Barnett, Attys., Dept. of Justice, on the brief), for the United States.

J. LeVonne Chambers, Charlotte, N. C. (Adam Stein, Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., Conrad O. Pearson, Durham, N. C., Jack Greenberg, James M. Nabrit, III, and Norman Chachkin, New York City, on the brief), for appellants Catherine Scott and others.

William F. Womble, Winston-Salem, N. C. (John L. W. Garrou and Womble, Carlyle, Sandridge & Rice, Winston-Salem, N. C., on the brief), for the Winston-Salem Forsyth County Board of Education.

Eugene Price, Jr., Winston-Salem, N. C., for Board of County Com'rs of Forsyth County.

Ralph Moody, Deputy Atty. Gen. (Robert Morgan, Atty. Gen. of North Carolina, and Andrew A. Vanore, Jr., Asst. Atty. Gen., on the brief), for North Carolina State Board of Education.

Before HAYNSWORTH, Chief Judge, and BOREMAN, BRYAN, WINTER, CRAVEN, BUTZNER, and RUSSELL, Circuit Judges, sitting en banc.

PER CURIAM:

On April 20, 1971, the Supreme Court released opinions in Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971), Davis v. Board of School Commissioners of Mobile County, 402 U.S. 33, 91 S.Ct. 1289, 28 L.Ed.2d 577 (1971) and companion cases. We immediately asked counsel in these cases to brief the questions presented in the light of *Swann* and *Davis* and set these appeals for argument before the full court on June 7, 1971. We are now convinced that all of these judgments must be vacated, except as noted, and we remand to the respective district courts with instructions to receive from the respective school boards new plans which will give effect to *Swann* and *Davis*.

■■ It is now clear, we think, that in school systems that have previously been operated separately as to the races by reason of state action, "the district judge or school authorities should make every effort to achieve the greatest possible degree of actual desegregation, taking into account the practicalities of the situation." *Davis, supra* at 37, 91 S.Ct.

at 1292. We remand these cases because the respective district judges did not have the benefit of the Supreme Court mandate that adequate consideration be given "to the possible use of bus transportation and split zoning." *Davis, supra* at 38, 91 S.Ct. at 1292. Wherever schools are "all or predominately of one race in a district of mixed population [there will be required] close scrutiny to determine that school assignments are not part of state-enforced segregation." *Swann, supra* at 25, 91 S.Ct. at 1281. Although the existence of "some small number of one-race, or virtually one-race, schools within a district is not in and of itself the mark of a system which still practices segregation by law," *Swann, supra* at 26, 91 S.Ct. at 1281, both the school authority and the district judge must nevertheless be concerned with the elimination of one-race schools.

We have previously noted that Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed. 2d 19 (1969), is a mandate for immediate action, and further delay in achieving desegregation in this circuit will not be tolerated. Nesbit v. Statesville City Board of Education, 418 F.2d 1040 (4th Cir., 1969). Accordingly, we are again compelled to impose upon the respective district courts a time schedule to permit compliance with *Swann* and *Davis* prior to the opening of the school year in September 1971.

Each school board shall submit a new plan to comply with *Swann* and *Davis* on or before July 1, 1971. Other parties may file responses on or before July 9, 1971.

Each district judge shall conduct a hearing on or before July 16, 1971, to enable him to determine the effectiveness of the proposed plan or its modification.

After a plan has been approved the district court may hear additional objections or proposed amendments provided, however, that the parties shall comply with the approved plan in all respects while the district judge considers suggested modifications.

If a district judge finds that a plan submitted by the school board does not comply with the directions set forth in this opinion, he may appoint an educational expert to develop a plan for implementation in September 1971. He may also direct the school board to cooperate with the expert by furnishing information and facilities for the prompt completion of his work. A reasonable fee for the expert and his expenses shall be assessed against the school board as costs.

The school authorities and the district court should consider the use of all techniques for desegregation, including pairing or grouping of schools, noncontiguous attendance zones, restructuring of grade levels, and the transportation of pupils.

If the district court approves a plan achieving less actual desegregation than would be achieved under an alternate proposed plan it shall find facts that are thought to make impracticable the achieving of a greater degree of integration, especially if there remain any schools all or predominately of one race.

In No. 15,110, the judgment of the district court retaining Addison School is affirmed.

In No. 15,186, the order of the district court disapproving the transfer plan is affirmed.

In No. 15,187 and No. 15,188, the order of the district court joining the Board of County Commissioners, the North Carolina State Board of Education, and the Superintendent of Public Instruction is affirmed.

The *Orangeburg* plan may be fashioned on the alternate HEW plan with modifications and refinements that are necessary for its implementation, or upon some other plan that will meet the requirements of *Swann* and *Davis*.

In *Roanoke*, the court may approve the present junior and senior high school assignment plan. In redrafting the plan for the elementary schools, the school authorities and the district court may proceed according to the plan outlined by

Dr. Michael J. Stolee, or modifications, extensions and refinements of this plan.

The *Norfolk* plan may be based on a revision of the Stolee C plan with necessary modifications and refinements, or the board may adopt some other plan of its choice that will meet the requirements of *Swann* and *Davis*.

In *Winston-Salem/Forsyth County*, the school board may fashion its plan on the Larsen plan with necessary modifications and refinements or adopt a plan of its choice which will meet the requirements of *Swann* and *Davis*.

In No. 14,694, No. 15,030, No. 15,044 and No. 15,185, the appellants shall recover their costs. In No. 15,110, No. 15,-045, No. 15,046, No. 15,186, No. 15,187 and No. 15,188, the appellees shall recover their costs.

Let the mandate issue forthwith.

ALBERT V. BRYAN, Circuit Judge (concurring specially):

I join in the foregoing opinion-order on the assumption that the alternatives offered to the school authorities and the District Courts are true alternatives—that they need not be in the image of the Stolee or Larsen plans. Otherwise, I could not concur, for I think the only pattern the school authorities and the courts must observe is one honoring the prescriptions of *Swann* and *Davis*. So long as it is in keeping with these decisions, my understanding is that the formulation of a plan is entrusted to the discretion of the school authorities and not confined to the pattern of Stolee or Larsen.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.