No. ——. Goss et al. v. Board of Education of the City of Knoxville et al. Petitioners' motion for immediate order requiring submission of a plan for desegregation of Knoxville school system for the 1971–1972 school year and for an order requiring the District Court to hold timely hearings, enter such orders, and entertain such proceedings as may be necessary to achieve a unitary school system in Knoxville by the commencement of the 1971–1972 school year, presented to Mr. Justice Stewart and by him referred to the Court, denied. The United States District Court for the Eastern District of Tennessee has not had an opportunity since the June 22, 1971, remand of the case by the United States Court of Appeals for the Sixth Circuit to inquire whether respondents have failed to maintain a unitary school system as defined in *Swann* v. *Charlotte-Mecklenburg Board of Education,* 402 U. S. 1 (1971), and prior cases. Of course, the District Court must conduct forthwith such proceedings as may be required for prompt determination of this question, and, should it find respondents have not maintained a unitary school system, respondents must "terminate dual school systems at once." *Alexander* v. *Holmes County Board of Education,* 396 U. S. 19, 20 (1969). The mandate of the Court of Appeals should issue forthwith.

No. 577. United States v. Johnson. C. A. 9th Cir. [Certiorari granted, 400 U. S. 990.] Case restored to calendar for reargument. In their briefs and oral arguments, counsel requested to discuss, in addition to question specified in original petition, the following: "What relevance has the doctrine of *Vitarelli* v. *Seaton,* 359 U. S. 535, to the legality of the search in the present case?"