**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**BOARD OF EDUCATION, INDEPENDENT SCHOOL DISTRICT NO. 1, TULSA COUNTY, OKLAHOMA, et al., Defendants-Appellants, Aaron Lee Smith et al., Intervenors-Appellees, Julie Wilkerson et al., Intervenors-Appellants.**

**Nos. 72–1555, 72–1789.**

United States Court of Appeals, Tenth Circuit.

April 10, 1973.

John R. Scott, Atty., Dept. of Justice (David L. Norman, Asst. Atty. Gen., Brian K. Landsberg, Atty., Dept. of Justice, and Nathan G. Graham, U. S. Atty., on the brief), for plaintiff-appellee.

David L. Fist, Tulsa, Okl. (C. H. Rosenstein, Tulsa, Okl., on the brief), for Board of Education, Independent School District No. 1, Tulsa County, Oklahoma, and others, defendants-appellants.

Sylvia Drew, New York City (Jack Greenberg, James M. Nabrit, III, New York City, and James O. Goodwin, Tulsa, Okl., on the brief), for Aaron Lee Smith, and others, intervenors-appellees.

C. B. Savage, Tulsa, Okl., submitted on brief for Julie Wilkerson, and others, intervenors-appellants.

Before BREITENSTEIN and DOYLE, Circuit Judges, and KERR, District Judge.

BREITENSTEIN, Circuit Judge.

This is another chapter in the history of the desegregation of the Tulsa, Oklahoma, public schools. The background

and underlying facts are set out in our opinions in United States v. Board of Ed., Ind. S. D. No. 1, Tulsa Co., 10 Cir., 429 F.2d 1253, and 10 Cir., 459 F.2d 720. The only question now before us is whether the district court erred in denying the application of the Board of Education for a stay of an integration plan relating to certain elementary schools.

The trial court found that four of the Tulsa elementary schools were de jure segregated, and by a September 3, 1971, judgment ordered the school district to formulate a plan for the desegregation of these schools. We affirmed. See 459 F.2d 720. The Smith group of intervenors applied for certiorari on the question of whether other schools, determined to be de facto segregated, should also have been subject to the desegregation order. See 41 L.W. 3139. The certiorari application is still pending in the United States Supreme Court.

On November 15, 1971, the district submitted a desegregation plan which it proposed to implement for the 1972–73 school year. The plan called for the clustering and pairing of the affected black schools with predominately white schools. On December 27, 1971, the court approved the plan with minor modifications and ordered its implementation for the 1972–73 school year. No appeal was taken from this order. On May 3, 1972, the district petitioned the district court for a stay of the December 27 order.

The district contends that the implementation of the elementary school desegregation plan will have adverse effect on the district's educational program and that the elementary school desegregation should await the completion and acceptance of a desegregation plan for the junior high schools. After an evidentiary hearing, the district court found that the plan could be implemented without making drastic reductions in the educational program of the district and without an adverse impact on all the students in the district, and denied the stay.

■ The district recognizes the heavy burden which it bears in trying to upset a denial of a stay of an order abolishing de jure segregation. The Supreme Court has emphasized the obligation of school districts to terminate dual school systems at once. Alexander v. Holmes County Board of Education, 396 U.S. 19, 20, 90 S.Ct. 29, 24 L.Ed.2d 19; see also Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 14, 91 S.Ct. 1267, 28 L.Ed.2d 554. In essence the argument of the district is that its decision on educational priorities takes precedence over the mandate requiring desegregation. We believe that such a question of priorities is no longer open. See Brewer v. School Board of City of Norfolk, Virginia, 4 Cir., 456 F.2d 943, 947, cert. denied 406 U.S. 933, 92 S.Ct. 1778, 32 L.Ed.2d 136. The constitutional mandate must be obeyed.

■ The Wilkerson group of intervenors argues that the district court abused its discretion by not giving effect to § 803, P.L. 92–318, 86 Stat. 372, which provides that the effectiveness of an order requiring transportation of any student "for the purposes of achieving a balance among students with respect to race * * *" shall be postponed until all appeals have been exhausted. We doubt the applicability of § 803 to a case such as that before us where the purpose is not to achieve balance but to end de jure segregation. See Drummond v. Acree, 409 U.S. 1228, 1229, 93 S.Ct. 18, 34 L.Ed.2d 33 (Powell, Circuit Justice). In any event the question is moot because this court's decision affirming the district court order for the desegregation of the elementary schools was filed May 5, 1972, see 459 F.2d 720, and the time for certiorari has run. The pending certiorari application by the Smith group of intervenors concerns an unrelated issue. No appeal was taken from the December 27, 1971, order approving the desegregation plan for the elementary schools. Accordingly, there is no appeal pending which might bring § 803 into operation.

We are convinced that the district court did not abuse its discretion in denying the application for a stay.

Affirmed.