Ura Bernard **LEMON** et al., Plaintiffs-Appellants,

United States of America, Intervenor-Appellant,

v.

**BOSSIER PARISH SCHOOL BOARD** et al., Defendants-Appellees.

No. 28745.

United States Court of Appeals
Fifth Circuit.

Dec. 12, 1969.

On Motion to Recall Mandate
Jan. 6, 1970.

Rehearing Denied Feb. 12, 1970.

See also D.C., 303 F.Supp. 394.

Jack Greenberg, William Bennett Turner, New York City, A. P. Tureaud, New Orleans, La., U. S. Atty., Shreveport,

La., Jerris Leonard, Asst. Atty. Gen., Frank T. Dunbaugh, Dept. of Justice, Washington, D. C., for appellants.

J. Bennett Johnston, Jr., Shreveport, La., Louis H. Padgett, Jr., Dist. Atty., 26th Judicial District Court, Bossier City, La., for appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

We deem it superfluous to chronicle the chronology of this school desegregation case.

Notwithstanding the decision of the Supreme Court in Green v. County School Board of New Kent County, 1968, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716, the District Court approved a freedom of choice plan. We reversed in Hall v. St. Helena Parish School Board, 5 Cir., 1969, 417 F.2d 801, and ordered the District Court to adopt a plan for the complete elimination of the dual system. A plan to do so was submitted by HEW on July 5, 1969. The District Court, however, approved a plan proposed by the school board which does not establish a racially unitary school system. Appellants seek relief pendente lite.

We grant it under the aegis of Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19; United States v. Hinds County School Board, 5 Cir. 1969, 417 F.2d 852, and Singleton v. Jackson Municipal Separate School System (and consolidated cases en banc), 5 Cir., 1969, 419 F.2d 1211, which mandate that "effective immediately * * * school districts * * * may no longer operate a dual school system based on race or color," and that they must "begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color."

The mandate in this cause shall issue forthwith. No stay will be granted pending petition for rehearing or application for certiorari.

We reverse and remand for compliance with the requirements of Alexander v. Holmes County Board of Education and the terms, provisions and conditions (including the times specified) in *Singleton, supra.*

Reversed and remanded with directions.

ON MOTION FOR RECALL AND AMENDMENT OF MANDATE

PER CURIAM:

Appellants seek the recall and amendments of our mandate of December 12, 1969, insofar as it authorized delay of pupil desegregation until September, 1970, and also seek temporary injunctive relief. In the light of Carter et al. v. West Feliciana Parish School Board et al., 1969, 396 U.S. 226, 90 S.Ct. 467, 24 L.Ed.2d 382, it is

Ordered:

(1) Our mandate dated December 12, 1969, is recalled.

(2) The District Court shall issue a temporary injunction requiring the appellee school board to take such preliminary steps as may be necessary to prepare for complete student desegregation by February 1, 1970.

(3) By way of interim relief, the District Court shall order the appellee school board to take no steps which are inconsistent with, or which will tend to prejudice or delay, a schedule to implement on or before February 1, 1970, desegregation plans submitted by the Department of Health, Education and Welfare for student assignment simultaneous with the other steps previously ordered by us in Singleton v. Jackson Municipal Separate School District, 5 Cir., 1969, 419 F.2d 1211.

(4) Jurisdiction of this case is retained for such further orders as we may deem appropriate.