Iris Denise WILLINGHAM et al.,
Appellants,

v.

PINE BLUFF, ARKANSAS, SCHOOL
DISTRICT NO. 3, et al., Appellees.

No. 20122.

United States Court of Appeals,
Eighth Circuit.

April 29, 1970.

John W. Walker, of Walker, Rotenberry, Kaplan, Lavey & Hollingsworth, Little Rock, Ark., for appellants; Philip E. Kaplan, Little Rock, Ark., and Jack Greenberg, James M. Nabrit, III, and Norman Chachkin, New York City, on the brief.

Robert V. Light, Little Rock, Ark., for appellees; Herschel H. Friday and G. Ross Smith, Little Rock, Ark., and Charles B. Roscopf, Helena, Ark., on the brief.

Before MATTHES, LAY and HEANEY, Circuit Judges.

PER CURIAM.

The Pine Bluff School District is a large consolidated district with an enrollment of approximately 4000 Negro and 5400 white students. It operated on a racially segregated basis until July of 1963. At that time the District announced that it would desegregate its schools under a freedom of choice plan. Under the plan, grades 1 and 2 were to be desegregated in the 1963–64 school year, grades 3 and 4 in 1964–65, and the remaining grades in subsequent years. The plan was extended to all grades in July of 1965.

On February 1, 1968, H.E.W. advised the School District that it was not making satisfactory progress toward the elimination of its dual structure under freedom of choice and that a compliance review of the District would be conducted. H.E.W. completed the review and notified the District on June 29, 1968, that the District's plan did not meet the requirements of the 1964 Civil Rights Act because: (1) only 8.8% of the Negro students were in desegregated schools; and (2) six schools initially established for Negro students continued to have only Negro students. H.E.W. informed the District that it could bring itself into compliance by discontinuing freedom of choice and by adopting a plan the details of which were set forth by H.E.W.

The School District agreed to establish a single school for all students in grades 10 through 12 beginning with the 1969–70 school year, but it rejected the H.E.W. proposal relating to the remaining grades, agreeing only to submit a plan for the remaining grades as soon as possible.

H.E.W. rejected the District's proposal on the grounds that seven elementary schools initially established for Negro students would continue to be racially identifiable.

After further direct negotiations between H.E.W. and the District, the latter agreed to establish a unitary school system for all grades, 1 through 12, at the beginning of the 1969–70 school year, and to present a detailed plan no later than December 31, 1968, to accomplish this goal.

On December 10, 1968, the School District submitted a detailed plan eliminating the dual school system for grades 7 through 12. The District stated that it was unable to offer a plan other than freedom of choice which was equitable and administratively feasible for grades 1 through 6.

H.E.W. accepted the plan for grades 7 through 12, but rejected it for the remaining grades. H.E.W. requested the District to submit a plan no later than February 5, 1969, for grades 1 through 6.

On February 12, the District submitted a plan which proposed to continue freedom of choice for the first six grades during the 1969–70 school year and to integrate those grades at the beginning of the 1970–71 school year.

On March 6, 1969, H.E.W. accepted the District's proposal.

On March 15, 1969, following a school board election in which three new members were elected, the District withdrew its proposal to integrate its school system and notified H.E.W. that freedom of choice for all twelve grades would be continued during the 1969–70 school year. It stated that it would continue to study the problem.

On March 21, 1969, H.E.W. rejected the District's freedom of choice proposal and notified the District it was requesting its General Counsel to initiate formal administrative proceedings against the District. The present status of these proceedings is not clear from the record.

In November of 1969, the plaintiffs brought an action in the United States District Court for the Eastern District of Arkansas seeking to require the School District to establish a unitary, non-racial school system.

On January 14, 1970, the District Court entered an order requiring the School District to eliminate the freedom of choice plan under which it was then operating, to integrate its faculty, to eliminate its dual transportation system, to integrate grades 7 through 12 no later than the beginning of the second semester of the 1969–70 school year, and to integrate grades 1 through 6 no later than the beginning of the 1970–71 school year.

On January 15, 1970, the plaintiffs appealed from the District Court's order, contending that the delay in integrating the elementary schools was contrary to

Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969).

On January 23, 1970, the District Court, taking note of the appeal to this Court, entered an order staying the integration of all grades for a period of sixty days or until such time as this Court had rendered its decision but no later than the commencement of the 1970–71 school year.

The plaintiffs immediately filed a further appeal to this Court asking for a summary reversal of the District Court's orders postponing the establishment of a unitary, non-racial system beyond the beginning of the second semester of the 1969–70 school year. We denied the plaintiffs' request for a summary reversal on February 23, 1970. The appeals are now before us on the regular docket.

■ The obligation of the District to establish a unitary, non-racial school system is clear, Green v. County School Board of New Kent County, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968); Raney v. Board of Education of Gould School District, 391 U.S. 443, 88 S.Ct. 1697, 20 L.Ed.2d 727 (1968); Monroe v. Board of Commissioners of City of Jackson, 391 U.S. 450, 88 S.Ct. 1700, 20 L.Ed.2d 733 (1968); Jackson v. Marvell School District No. 22, 416 F.2d 380 (8th Cir. 1969); and it must do so without further delay, Alexander v. Holmes County Board of Education, *supra.* In view of the fact that only one month remains in the current school year, we conclude that the schools must be completely integrated no later than the beginning of the 1970–71 school year. This must be done even though many in the community would prefer to operate under the freedom of choice plan, Monroe v. Board of Commissioners of City of Jackson, *supra;* Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5, 19 (1958); Jackson v. Marvell School District No. 22, *supra.*

To insure that the September, 1970, deadline will be achieved, we remand to

the District Court with the following directions:[1]

 (1) The Court shall require the School District to submit to it by June 1, 1970, a detailed plan for converting all grades in the school system to a unitary, non-racial system to be fully implemented no later than the beginning of the 1970–71 school year. In this regard, we find that the plan for grades 7 through 12, submitted to H.E.W. by the District on December 10, 1968, is a constitutionally permissible plan.[2] We also find that any of the alternate plans for integrating grades 1 through 6 submitted by H.E.W. to the District are constitutionally permissible. We recommend that the School District consult with H.E.W. before submitting its plan and particularly before making changes from any plans previously approved by H.E.W. We note that the District Court should carefully consider the H.E.W. recommendations and give substantial weight to them. Carter v. West Feliciana Parish School Board, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (1970).

(2) The District Court shall require that the plaintiffs submit any objections or amendments to the plan proposed by the District no later than June 15, 1970.

(3) The District Court shall schedule early hearings on the proposed plan and on any objections or amendments thereto, and shall render a decision on the final plan no later than July 15, 1970.

Any appeals from orders or decrees of the District Court on remand shall be expedited, and the orders or decrees shall not be stayed pending appeal. The record on appeal shall be lodged with this Court and the appellants' brief filed, all within ten days of the date of the orders or decrees of the District Court. Appellees' brief shall be due ten days thereafter. This Court shall determine the time and place for oral argument, if allowed.

The mandate of this Court shall issue immediately and will not be stayed pending petitions for rehearing or certiorari.

---

1. Hall v. St. Helena Parish School Board, 417 F.2d 801, 812 (5th Cir. 1969), cert. denied 396 U.S. 904, 90 S.Ct. 218, 24 L.Ed.2d 180 (1969).

2. The plan submitted by the District provided that: (1) all 11th and 12th grade students would be assigned to the Pine Bluff High School site; (2) all 9th and 10th grade students would be assigned to the Merritt and Southeast sites with the total enrollment and racial balance being approximately the same at the two schools; (3) all 7th and 8th grade students would be assigned to the Belair, Trice and Dial sites with the total enrollment and racial balance being approximately the same at the three schools.