**Eric McKISICK et al., Appellants,**

v.

**FORREST CITY SPECIAL SCHOOL DISTRICT NO. 7 et al., Appellees.**

**No. 20143.**

United States Court of Appeals,
Eighth Circuit.

June 5, 1970.

Philip E. Kaplan, of Walker, Rotenberry, Kaplan, Lavey & Hollingsworth, Little Rock, Ark., for appellants; John W. Walker, Little Rock, Ark., and Jack Greenberg, James M. Nabrit, III and Norman Chachkin, New York City, on the brief.

E. J. Butler, of Butler & Hicky, and Harold Sharpe, Forrest City, Ark., on brief for appellees.

Before MEHAFFY and BRIGHT, Circuit Judges and HARPER, District Judge.

PER CURIAM.

The Forrest City School District operated under a completely dual school system until 1965. Between 1965 and 1969 the School District operated under a freedom of choice plan which has not unitized the schools.

On August 1, 1969, the Department of Health, Education and Welfare approved a plan of desegregation developed by the defendant School District. The plan called for full and effective implementation no later than the 1970–71 school year.

Negro plaintiffs initiated this proceeding November 6, 1969, seeking immediate implementation of the plan in the district.

On January 15, 1970, following a hearing in the District Court, Judge Harris ordered the School District to submit within ten days a plan for the implementation of the HEW-approved plan to convert the district's public schools to a unitary, non-racial system. Specifically, the Order required the elimination of the dual bussing system, the elimination of all vestiges of "freedom of choice", and limited teacher and student transfers to be accomplished by the beginning of the second semester of the present school year. The Order required complete and total implementation, eliminating all vestiges of segregation no later than the commencement of the 1970–71 school year. On January 23, 1970, the school board submitted its plan for the schedule of implementation.

On January 16, 1970, the plaintiffs filed notice of appeal, and appealed February 3, 1970, contending that the District Court unjustifiably allowed the delay in desegregation until 1970–71 contrary to Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969).

There is no doubt as to the obligation of the School District to establish a unitary, non-racial school system. Green v. County School Board of New Kent County, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968); Raney v. Board of Education of Gould School District, 391 U.S. 443, 88 S.Ct. 1697, 20 L.Ed.2d 727 (1968); Monroe v. Board of Commissioners of City of Jackson, 391 U.S. 450, 88 S.Ct. 1700, 20 L.Ed.2d 733 (1968); Jackson v. Marvell School District No. 22, 416 F.2d 380 (8th Cir. 1969); Willingham v. Pine Bluff, Arkansas School District No. 3, 425 F.2d 121 (8th Cir. April 29, 1970). And there can be no further delay in complying with the constitutional standards. Alexander v. Holmes County Board of Education, supra; Jackson v. Marvell School District No. 22, supra; Willingham v. Pine Bluff, Arkansas School District No. 3, supra.

We note that the District Court ordered the complete and total implementation of the desegregation plan approved by HEW by the commencement of the 1970–71 school year. With particular consideration to the brief time remaining

in the present school year; to the Order of the District Court requiring full and complete integration by the beginning of the 1970–71 school year and the District Court retaining jurisdiction to insure such; and to the fact that this is the first time the district has been required to act by court decree; we refrain from interfering with the Order of the District Court.

The District Court has retained jurisdiction to insure compliance and affirm its Order.