Marcus GORDON et al., Plaintiffs-Appellants,

v.

JEFFERSON DAVIS PARISH SCHOOL BOARD et al., Defendants-Appellees.

No. 30075.

United States Court of Appeals, Fifth Circuit.

June 28, 1971.

Supplemental Opinion Aug. 4, 1971.

Jack Greenberg, Norman J. Chachkin, Margrett Ford, Harvey Goldschmid, Samuel Gates, Peter E. Quint, New York City, A. P. Tureaud, New Orleans, La., for plaintiffs-appellants.

Bernard N. Marcantel, Dist. Atty., Charles R. Cassidy, Asst. Dist. Atty., Jennings, La., for defendants-appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

BY THE COURT:

■ The district court failed to make full findings of fact and conclusions of law with regard to the issue on appeal: Whether racially-motivated closing of all-black schools is constitutionally permissible. The judgment appealed from is ordered vacated,[1] and this cause is remanded with directions for the district court to promptly conduct hearings, and thereon make findings and conclusions as to whether or not the closing of Jefferson Davis High School and Ward Elementary School by the appellee Board was in fact racially motivated. Such findings and conclusions, accompanied by the transcript of the proceeding below, shall be returned to this Court within thirty (30) days for final decision on the question presented. The district court's attention is called to the following cases: Carr v. Montgomery County Board of Education, 5 Cir. 1970,

---

1. Under the stringent requirements of Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969), which this Court has carried out in United States v. Hinds County School Board, 5 Cir. 1969, 417 F.2d 852, and of Carter v. West Feliciana Parish School Board, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (1970), implemented in Singleton v. Jackson Municipal Separate School District, 5 Cir. 1970, 419 F.2d 1211, this Court has

judicially determined that the ordinary procedures for appellate review in school desegregation cases have to be suitably adopted to assure that each system whose case is before us "begin immediately to operate as unitary school systems". Upon consideration of the parties' memoranda and so much of the record as is available or determined to be needed by the Court, the Court has proceeded to dispose of this case as an extraordinary matter. Rule 2, F.R.A.P.

429 F.2d 382; Haney v. County Board of Education of Sevier County, 8 Cir. 1970, 429 F.2d 364; Wright v. Board of Public Instruction of Alachua County, 5 Cir. 1970, 431 F.2d 1200; Spangler v. Pasadena City Board of Education, C.D.Cal.1970, 311 F.Supp. 501; Brice v. Landis, N.D.Cal.1969, 314 F.Supp. 974; Quarles, et al. v. Oxford Municipal Separate School District, N.D.Miss.1970, Civil Action No. WC–6962–K. Jurisdiction is retained during this limited remand for further proceedings below.

█ The district court shall also require the school board to file semi-annual reports during the school year similar to those required in United States v. Hinds County School Board, 5 Cir. 1970, 433 F.2d 611, 618–619.

Vacated and remanded with directions.

COLEMAN, Circuit Judge (dissenting).

With deference to the views of my distinguished Colleagues on this panel, I must record my dissent.

Under the plan approved by Judge Hunter, from which this appeal was taken, the Jefferson Davis Parish schools are fully integrated.

By virtue of the decision now being rendered by the majority the Fifth Circuit is, I think for the first time, wading off into arranging, or supervising the arrangement of attendance centers in unitary school systems. I feel that this is not Constitutionally required and, is, in fact, beyond the jurisdiction of this Court in the enforcement of Fourteenth Amendment rights.

According to a report officially filed in this Court, by our direction, on June 8, 1971, the total school population of Jefferson Davis Parish is 26.6% black and 73.4% white. The faculty numbers 409, 24.7% black and 75.3% white. No school is all white, or all black, or predominantly black. It has not been disputed that Jefferson Davis Parish has a unitary school system.

The main thrust of the contentions raised by the appellants is that two school buildings, formerly used for all black schools, were shut down for non-educational reasons, that is, that whites would not attend school at these buildings, thus placing an impermissible burden on the black students in the accomplishment of desegregation. It is to be noted, however, that one of these buildings had been badly damaged by fire and the other is now being used to house a head start school.

It is quite obvious that these two schools were closed for the purpose of dismantling a dual school system. That is what Brown v. Board of Education commanded, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954).

Moreover, the Supreme Court in Green v. County School Board of New Kent County, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968) laid down the following guidelines:

"The burden on a school board today is to come forward with a plan that promises realistically to work now". 391 U.S. at 439, 88 S.Ct. at 1694.

\* \* \* \* \* \*

"Where the court finds the board to be acting in good faith and the proposed plan to have real prospects for dismantling the state-imposed dual system 'at the earliest practicable date,' then the plan may be said to provide effective relief". 391 U.S. at 439, 88 S.Ct. at 1695.

I believe, with regret, that this decision reflects an unwillingness to leave a school system alone, even after it has been made unitary. The majority is now willing to consider the possibility of dismantling a unitary school system, not a segregated one. This appears to be in conflict with the orders of another panel of this Court in Taylor v. Houston Municipal Separate School District, 5 Cir. 1971, 444 F.2d 118, in which the case was remanded to the District Court "with instructions to determine if the

268

system is unitary and if so to enter a final order terminating the case".

Finally, this order flies in the face of Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554, 1971. It was there held:

"Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies.

"The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it. The qualities of mercy and practicality have made equity the instrument for nice adjustment and reconciliation between the public interest and private needs as well as between competing private claims."

That is exactly what the District Judge did in this case, and it resulted in a unitary school system, with no abandonment by either white or Negro students.

But now the case is to be remanded and the District Judge is commanded to make full findings of fact and conclusions of law as to "whether racially-motivated closing of all black schools [if it existed] is constitutionally permissible".

If I were a District Judge I do not know how I could comply with this mandate. Race is, of necessity, at the bottom of all desegregation orders. Desegregation orders have no doubt resulted in the closing or pairing of schools which had previously been white. As a matter of law, this is immaterial. The question is: Has the dual system been abolished; has a unitary system been established?

I would affirm the judgment of the District Court and accomplish that rarely encountered feat of getting the judiciary out of day to day educational operations in unitary school systems.

I respectfully dissent.

Before WISDOM,* COLEMAN and SIMPSON, Circuit Judges.

Supplemental Opinion

BY THE COURT:

Based upon the district court's report filed herein July 26, 1971, as directed by our remand of June 28, 1971, it is ordered:

1. The district court's Findings of Fact and Conclusions of Law entered on July 22, 1971, are affirmed, 330 F.Supp. 1119.

2. The appellants' request that the appellee school board be ordered to re-open the now closed Jefferson Davis High School is denied.

3. The appellant's request that the appellee school board be ordered to re-open the now closed James Ward Elementary School is granted. The appellees are ordered to re-open James Ward Elementary School as a regularly operating elementary school beginning with the fall term of the 1971–72 school year, and to reassign the fifth grade students now attending Southside Elementary School to James Ward Elementary School. Whether Southside Elementary will then be closed, or allowed to remain open for other valid educational purposes, is left to school authorities to determine.

4. The district court should retain jurisdiction of this case until such time as the respondent school board has complied with this order and so reported. When these matters are accomplished, the respondent school board will in our judgment have achieved a unitary school system. Accordingly at that time it will be in order for the district court to enter its order so finding and thereupon to dismiss these proceedings.

Remanded, with directions.

* Judge Wisdom took no part in the preparation and consideration of this Order.